# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-415V

| | |
|---|---|
| C.P.,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Master Horner<br><br>Filed:  August 22, 2024<br>Refiled as Redacted:  June 20, 2025 |

*Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner. Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION[1]

On March 20, 2018, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that he suffered autoimmune dysautonomia, postural orthostatic tachycardia syndrome ("POTS"), small fiber neuropathy, weight loss, inability to stand for long periods, and gastroparesis as a result of his March 25, 2015 influenza ("flu") vaccination.  (ECF No. 1.)

### I.　　Procedural History

This case initially assigned to another special master.  (ECF Nos. 7, 20.) Between March and October of 2018, petitioner filed medical records (ECF Nos. 4-6, 11, 13-19, 22-24, 26, 29, 31-33; Exs. 1-19, 23-42) and two declarations of petitioner (ECF Nos. 10, 34; Exs. 22, 43).  On February 8, 2019, respondent filed his Rule 4

---

[1] When this decision was originally filed the undersigned advised his intent to post it on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner filed a timely motion to redact certain information.  This decision is being reissued with petitioner's name reduced to initials.  Except for those changes and this footnote, no other substantive changes have been made.  This decision will be posted on the court's website with no further opportunity to move for redaction.

1

report, recommending against compensation. (ECF No. 39.) Thereafter, the case was reassigned to the undersigned. (ECF Nos. 44-45.) Petitioner filed additional medical records (ECF No. 54; Ex. 45) and an expert report by neurologist Dr. Marcel Kinsbourne (ECF Nos. 57-61; Exs. 46-84). In response, respondent filed experts reports by neurologist Dr. Christopher Gibbons and immunologist Dr. Andrew MacGinnitie. (ECF No. 65; Exs. A-D.)

On June 29, 2021, I issued a Rule 5 Order wherein I discussed several critical issues with petitioner's claim that he seemed unlikely to be able to overcome. (ECF No. 66.) Thereafter, the experts engaged in another round of expert reports. (ECF Nos. 71-73, 75, 80-81.) On September 28, 2023, petitioner filed an expert report by physiologist Dr. Jesper Mehlsen. (ECF No. 99; Exs. 116-28.) Respondent filed responsive reports by Drs. Gibbons and MacGinnitie on January 19, 2024. (ECF No. 101; Exs. G-I.) I then provided further guidance to the parties in an order dated April 1, 2024, after petitioner's expert, Dr. Kinsbourne, became unavailable. (ECF No. 104.)

On August 19, 2024, petitioner filed a Motion for a Decision Dismissing his Petition. (ECF No. 108.) Petitioner indicated that his "review of the April1, 2024, Scheduling Order, the case law, and an investigation of the facts and circumstances of his case have demonstrated to the Petitioner that he will likely be unable to meet the requirements imposed by the Court for compensation in the Vaccine Program." (*Id.* at 1.) Petitioner further stated that his "attorney has advised the Petitioner that a decision by the Special Master dismissing the Petition will result in a judgment against Petitioner. His attorney has advised the Petitioner that such a judgment will terminate the Petitioner's rights in the VICP." (*Id.* at 2.) Respondent opted not to file any response.

## II.     Discussion

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine. *See* § 300aa-13(a)(1)(A); § 300aa-11(c)(1). To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). No "Table Injury" was alleged in this case, nor was there any evidence in the record to support such injury.

The Vaccine Act prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion. § 300aa-13(a)(1). The record does not contain preponderant evidence that petitioner's alleged injuries were vaccine-caused or in any way vaccine-related. Although petitioner offered

expert medical opinions, none of the medical opinions provided persuasive evidence supporting a finding in favor of entitlement.  There have been a number of prior decisions rejecting causal theories that have attempted to link the flu vaccine to POTS.  *See, e.g.*, *Specks v. Sec'y of Health & Human Servs.*, No. 15-491V, 2023 WL 2947619 (Fed. Cl. Spec. Mstr. Apr. 14, 2023); *L.P. v. Sec'y of Health & Human Servs.*, No. 16-1278V, 2021 WL 2373863 (Fed. Cl. Spec. Mstr. Apr. 26, 2021); *E.S. v. Sec'y of Health & Human Servs.*, No. 17-480V, 2020 WL 9076620 (Fed. Cl. Spec. Mstr. Nov. 13, 2020), *mot. for rev. den'd*, 154 Fed. Cl. 149 (2021).  In the instant case, petitioner has similarly failed to preponderantly link the flu vaccine to his alleged injuries.  Moreover, respondent filed competing medical opinions persuasively refuting petitioner's allegations.  *See de Bazan v. Sec'y of Health & Human Servs.*, 539 F.3d 1347, 1353 (Fed. Cir. 2008).

Petitioner filed a motion to voluntarily dismiss this claim on August 19, 2024.  Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)."  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III. Conclusion

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.