# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-415V
Filed: June 18, 2025

| | |
|---|---|
| C.P.,<br><br>　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | Special Master Horner |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER ON MOTION TO REDACT[1]

On March 20, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that he suffered autoimmune dysautonomia, postural orthostatic tachycardia syndrome ("POTS"), small fiber neuropathy, weight loss, inability to stand for long periods, and gastroparesis as a result of his March 25, 2015 influenza ("flu") vaccination.  (ECF No. 1.)  On August 22, 2024, a brief decision issued dismissing the petition following petitioner's filing of a motion to dismiss.  (ECF No. 109.)  On September 5, 2024, petitioner moved to redact that decision.  (ECF No. 110.)  For the reasons discussed below, petitioner's motion is **GRANTED**.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

I.    **Legal Standard**

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part, that

> [a] decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information . . .
>
> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
>
> and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 300aa-12(d)(4)(B).  The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act.  There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts.  *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure.  2011 WL 802695, at *5-8.  The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure.  This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* at *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate.  *Id.* at *10-11.

However, the Chief Special Master also observed that:

> One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion.  Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer,

2

      might well be redacted upon a proper motion.  Such redaction decisions can only be reached on a case-by-case basis.

*Langland*, 2011 WL 802695, at *9 (footnote omitted).

      Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act ("FOIA"), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act.  100 Fed. Cl. at 458.  The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure."  *Id.* at 460-61.  Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed.  *Id.*

      *W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*.  *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request").  Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred.  *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case").

      Some petitioners move for redaction of their case captions to initials based on concerns about present and future employment relationships and opportunities.  For example, in *Kelly v. Secretary of Health and Human Services*, petitioner expressed concerns about his relationship with his current employer and future opportunities due to being in a "sensitive" profession that relies on the public's trust.  No. 16-1548V, 2023 WL 12025037, at *2 (Fed. Cl. Spec. Mstr. Feb. 16, 2023).  I denied his motion to redact after finding no professional connection to vaccines specifically and no inflammatory or unusual allegations in the petition.  *Id.* at *3-4.  I concluded that "blanket fear" regarding association with the program does not justify redaction and further indicated that "it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence."  *Id.*

      However, I also previously found that redaction to initials was justified based on future employment concerns when other facts were also present.  Namely, where the petitioner's identity had initially been protected because she was a minor at the time of filing and the nature of the condition itself (narcolepsy) and her early life stage appeared especially likely to hamper future prospects.  *A.T. v. Sec'y of Health & Human Servs.*,

No. 16-393V, 2022 WL 819583, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022).  *See also C.F. v. Sec'y of Health & Human Servs.,* No. 15-731V, 2023 WL 2583513, at *2 (Fed. Cl. Spec. Mstr. Feb. 24, 2023) (granting motion to redact based on similarity to *A.T.* as well as discussion within the decision of mental health care).

Other Special Masters have been willing to grant motions to redact where a petitioner expressed concern that disclosure of their medical information would lead to fewer opportunities for career growth due to perceived health limitations that would otherwise remain private.  *See E.M.* v. Sec'y *of Health & Human Servs.*, No. 14-753V, 2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021); *A.F. v. Sec'y of Health & Human Servs.*, No. 19-0446V, 2023 WL 2387810 (Fed. Cl. Spec. Mstr. Mar. 7, 2023).

As of July 29, 2024, Vaccine Rule 18 was amended to require an objecting party to submit documentation showing either that employment or personal safety would be adversely affected by release of the medical information contained in the decision at issue.  Vaccine Rule 18(c)(1).  A motion to redact "will be denied" if it only "contains a general objection to the disclosure of a party's name."  Vaccine Rule 18(c)(2)(B).

## II.     Party Contentions

In his motion, petitioner requests that his name be reduced to initials to shield his identity.  (ECF No. 110.)  He asserts that this is a "limited and reasonable remedy," especially because there is no public interest in tying his name to the decision dismissing his case.  (*Id.* at 2, 6.)  Petitioner filed a declaration to support his motion to redact.  (*Id.*; Ex. 129.)  Petitioner asserts that, as a physician, he must maintain patient trust and fears that association with a vaccine injury claim may affect his career.  (Ex. 129, ¶ 7.)  Petitioner suggests that, based on his prior personal observations, his colleagues have shown misunderstanding and disrespect regarding the types of allegations included in his petition.  (*Id.* ¶ 8.)  He also asserts that disclosure of his identity would "compromise my ability to discuss vaccines objectively with patients, an essential aspect of my role as a healthcare provider."  (*Id.* ¶ 9.)

In response to petitioner's motion, respondent provided a recitation of the relevant case law, namely a comparison of the above-discussed *Langland* and *W.C.* cases.  (ECF No. 111, pp. 2-3.)  However, citing the language of the Vaccine Act indicating that decision of special masters "shall be disclosed," respondent stresses that "when petitioners file petitions requesting compensation under the Act, they do so with knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public."  (*Id.* at 4 (citing § 300aa-12(d)(4)(B)).)  Respondent continues:

> Congress's requirement that decisions of special masters 'shall be disclosed' is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits

4

> of these claims. Respondent likewise acknowledges that there is a privacy interest inherent in all medical information. Yet, the Vaccine Act's use of the term 'clearly unwarranted invasion of privacy' to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision. Without such a showing, redaction is not appropriate.

(*Id.*)

In this case, respondent asserts that petitioner has not made a particularized showing for redaction and, instead, mainly desires to avoid disclosure of the fact of his claim itself. (ECF No. 111, p. 4.) Respondent suggests that petitioner's concerns would apply to any petitioner that has a professional reputation to uphold. (*Id.* at 4-5.) He also stresses that the dismissal decision revealed only the nature of his claim rather than the medical details of his condition. (*Id.* at 5.) Nonetheless, respondent "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." (*Id.*) "Respondent does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Special Master's judgment as to whether petitioner's Motion should be granted, applying the analytical framework discussed above." (*Id.* at 5-6.) However, respondent does contend that "[t]here is also a significant Program interest in not having every case caption reduced to initials. This would make the administration of the Program unmanageable, because the parties and Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." (*Id.* at 5.)

Petitioner filed no reply.

### III. Discussion

I have previously held that fear of being publicly associated with the Vaccine Program does not rise to the level of an unwarranted invasion of privacy. *Krupp v. Sec'y of Health & Human Servs.*, No. 19-1501V, 2023 WL 9503417, at *4 (Fed. Cl. Spec. Mstr. July 21, 2023). Afterall, as respondent observes, the Vaccine Act itself does not appear to expect that petitioners would be granted anonymity as a matter of course. For example, even if redaction is granted, petitioner's full name will still appear in the Federal Register as having filed this petition in the program as required by other provisions of the Act. § 300aa-12(b)(2). This is also consistent with Vaccine Rule 18, which provides that a motion to redact "will be denied" if it only "contains a general objection to the disclosure of a party's name." Vaccine Rule 18(c)(2)(B).

However, Vaccine Rule 18 does explicitly contemplate that some petitioners may seek redaction based on concern that disclosure will adversely affect employment.

Vaccine Rule 18(c)(1)(A).  In that regard, prior decisions have concluded that healthcare professionals may reasonably seek redaction based on professional considerations.  *O.M.V. v. Sec'y of Health & Human Servs.*, No. 16-1505V, 2021 WL 3612149 (Fed. Cl. Spec. Mstr. July 21, 2021); *M.R. v. Sec'y of Health & Human Servs.*, No. 16-1024V, 2022 WL 17821105 (Fed. Cl. Spec. Mstr. Oct. 17, 2022).  Unlike *Krupp*, these healthcare professionals substantiate redaction not simply based on the potential misperceptions of their colleagues, but also because of the sensitivity of their relationships with their patients, given that medical professionals are expected to provide recommendations regarding vaccination.  2023 WL 9503417, at *4 (noting that, although a science writer, the *Krupp* petitioner "makes no assertion she is in any way expected to recommend or otherwise be an authority on vaccinations").  Here, although much of petitioner's reasoning is similar to what was feared in *Krupp*, he has asserted that as a physician, the disclosure at issue "would compromise my ability to discuss vaccines objectively with patients, an essential aspect of my role as a healthcare provider."  (Ex. 129, ¶ 9.)

### IV.  Conclusion

Accordingly, petitioner's motion is **GRANTED**.  All references to petitioner's name in the caption of the August 22, 2024 decision will be redacted.  Additionally, the Clerk of the Court is hereby instructed to change the caption of this case to the caption above.

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master
